UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLADES PHARMACEUTICALS, LLC,<br>        Plaintiff,<br><br>   v.<br><br>CALL, INC., d/b/a<br>PHARM FORCE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Case Number 04-4259<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY

PRELIMINARY STATEMENT

On March 9, 2005, this Honorable Court granted a stay in this action pending disposition of a Georgia federal court case filed by Glades. The Court expressly stated that "the requested stay would only remain in effect until a resolution is reached in the case" ongoing in Georgia. *See* the Court's Memorandum at p. 17.

Recent events warrant that the stay now be lifted. These recent events include the Georgia federal court's dismissal of Glades' complaint under the "first filed" rule. *See* the Georgia Federal Court's Order attached hereto and incorporated by reference herein as Exhibit A. These new developments establish that this Court's initial grounds for staying this action no longer provide a basis for a stay.

PROCEDURAL HISTORY

Glades commenced this action on September 13, 2004 to seek redress against defendant Call, Inc., d/b/a Pharm Force ("Pharm Force") for Copyright Infringement, Aiding and Abetting Breach of Fiduciary Duty and Duty of Loyalty, Conversion, Unjust Enrichment and Conspiracy. This case is related to a federal court action Glades previously commenced against Brendan Murphy (Glades' former Vice-President and President) and River's Edge Pharmaceuticals LLC ("River's Edge") in the Northern District of Georgia. Although the underlying facts and claims in this action and the Georgia federal action are substantially similar, Glades was forced to commence a separate action against Pharm Force in this Court due to Pharm Force's refusal to consent to jurisdiction in Georgia so that the claims could all have been litigated in one forum.

Glades is in the business of, among other things, developing, marketing and distributing non-branded versions of branded dermatological products, sometimes referred to as "generic" products. Brendan Murphy is a former Glades senior executive, serving as Glades' President from 1994 to December 2002. From January 2003 to May 2003, he served as Glades' Vice President, Business Development and Outsourcing and was responsible for exploring, developing and pursuing business opportunities for Glades. Murphy resigned from Glades in May 2003. Shortly before or after Murphy resigned from Glades, Murphy formed River's Edge to market generic pharmaceuticals in direct competition with Glades.

Murphy and Rivers Edge commenced an action in Georgia state court on August 22, 2003 seeking a declaratory judgment and rescission with respect to certain restrictive covenants contained in a post-employment Consulting Agreement between Murphy and Stiefel Laboratories, Inc. ("Stiefel"), and a 1997 confidentiality agreement between Murphy and Glades.

2

In early 2004, Glades discovered for the first time that Murphy and/or River's Edge, together with its putative business partner Pharm Force, misappropriated Glades' proprietary copyrighted material, which had been entrusted to Murphy during his employment with Glades. Murphy, River's Edge and Pharm Force misappropriated Glades' copyrighted material in order to divert valuable business opportunities away from Glades. Pharm Force, among other things, aided and abetted Murphy in his efforts to improperly divert from Glades valuable business opportunities while he was still a Glades employee.

Because of this misappropriation and misuse of Glades' confidential information, Glades commenced an action against Murphy and Rivers Edge in federal district court in Florida on May 19, 2004, alleging copyright infringement, breach of fiduciary duty and duty of loyalty, conversion and unjust enrichment.[1] Glades also commenced this action against Pharm Force based on its own infringement of Glades' copyright and its active participation in the diversion of Glades' business opportunities. Glades would have joined Pharm Force as an additional defendant in its action against Murphy/River's Edge, but Pharm Force refused to consent to jurisdiction in Florida. Pharm Force moved to dismiss this action, resulting in the Court's March 9, 2005 decision to stay this action pending a resolution of the Georgia federal court action Glades commenced against Murphy and River's Edge following dismissal of the Florida federal court action.

On March 4, 2005, the Georgia federal court dismissed that action, without prejudice, on the basis that the claims "were substantially the same as those which are pending in litigation

---

[1] By Order dated November 30, 2004, the Florida federal court dismissed that action, *sua sponte*, on the ground of *forum non conveniens*. That dismissal was without prejudice to Glades' right to assert its claims against Murphy and River's Edge in Georgia. After the Florida federal court dismissed Glades' complaint, Glades filed a nearly identical four count Complaint against Murphy and River's Edge in federal district court in Georgia on December 30, 2004.

3

between the parties that is pending in [Georgia] state court." *See* Exhibit A. The referenced state court litigation is the Georgia state court action which had been brought by Murphy and River's Edge. Glades filed a Motion for Reconsideration of the Order dismissing the Complaint in the federal court case in Georgia, and filed an appeal to the 11th Circuit Court of Appeals. The Eleventh Circuit has stayed that appeal pending a decision on Glades' Motion for Reconsideration, which is still *sub judice*. In addition, Glades has recently sought leave from the Georgia state court to assert its common law state claims against Murphy and River's Edge in order to preserve its rights. That motion is also *sub judice*.

Therefore, Glades currently has no claims against Murphy and River's Edge pending in any court. In addition, the decisions from the Florida federal court and the Georgia federal court have prevented Glades from pursuing any discovery in connection with Glades' copyright and related tort claims. Even if Glades' appeals are ultimately successful, discovery on those issues is unlikely to commence for many months.

ARGUMENT

POINT ONE

THE COURT SHOULD LIFT THE STAY BECAUSE THE
GEORGIA FEDERAL CASE HAS BEEN RESOLVED

A federal court possesses discretion to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *See Bechtel Corp. V. Local 215, Laborers Int'l Union,* 544 F.2d 1207, 1214 (3rd Cir. 1976). To determine whether a stay of one federal court action in favor of another is appropriate, a court must weigh the following seven factors: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identify of the parties and of the issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6)

4

convenience of the parties; and (7) possible prejudice to a party as a result of the stay.  *See Chintala v. Diamond Reo Trucks, Inc.,* 393 F.Supp. 1392 (E.D. Pa. 1975).

In reaching its initial decision to stay this action, the Court weighed the above factors and decided to stay this case due to the then-pending Georgia federal court case.  The Court decided that the Georgia federal case and the instant case concern "both parties and issues that are substantially similar."  *See* Memorandum at 14.  At the heart of the Court's decision was the determination that "whether Glades can prove each of the Counts in the present action depends upon findings of fact and issues of law involving Murphy's conduct which are central to the suit now filed against him by Glades in the Northern District of Georgia."  *Id.* at 16.  The Court decided that "logic dictates that the Northern District of Georgia action proceed first, as resolution of that action may dispose of all or some of the issues here."  *Id.* at 15.  The Court was clear that "the requested stay would only remain in effect until a resolution is reached in the case" ongoing in Georgia.  *Id.* at 17.  The Court's decision was apparently premised on the assumption that Glades' claims in the Georgia federal action would be litigated on the merits in a timely fashion.  Unfortunately, subsequent events show that this is no longer the case.  Now that the Georgia federal court case has been dismissed, there can be no question that the stay in this action should be lifted.

Defendant may argue that the fact that Glades is appealing the dismissal of the Georgia federal court case means that case has not yet reached "resolution."  That argument is specious. Just because a party appeals a dismissal to protect its rights does not mean that the case is still active.  To the contrary, unless and until the Eleventh Circuit reverses the Georgia federal court's decision (or the Georgia federal court reverses its earlier dismissal on reconsideration), Glades has no action in federal court now pending against Murphy and River's Edge.  Indeed, Glades'

5

appeal has itself been stayed pending a decision on Glades' motion for reconsideration of the Georgia federal court's dismissal order. To continue the stay of this action up through an ultimate resolution of the appeal in Georgia would preclude Glades from litigating its claims against Pharm Force for many months, if not years. This clearly was not the intent of the Court when it issued the stay, as the Court noted its concern about the continuing harm to Glades and directed the parties to notify the Court of the status of the Georgia state court action six months from the date of the Court's decision. *See* Memorandum at 14.

Due to these facts, it is clear that Pharm Force will not be prejudiced by a lifting of the stay. However, if the stay is continued, Glades will continue to suffer harm. As the Court recognized, a stay "will allow Pharm Force to harm Glades through use of its alleged copyright information and other information obtained through Murphy," and "any award of punitive damages will be delayed." *See* Memorandum at 16.

In the end, the factors upon which the Court relied to issue the stay have been eliminated, and the Court should lift the stay.

POINT TWO

THE COURT SHOULD LIFT THE STAY BECAUSE
ABSTENTION IS NOT APPROPRIATE HERE

Nor does Glades' motion for leave to assert its common law tort claims against Murphy and River's Edge in the Georgia state court action warrant a continuation of the stay. Staying one federal court action in favor of another federal court action is an altogether different proposition from staying a federal court action in favor of a state action. The Court correctly recognized this distinction, and denied Defendant's request for abstention before even applying the six-part test that governs abstention pursuant to *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976) ("*Colorado River*").

Instead, the Court concluded that abstention under the *Colorado River* doctrine was inappropriate because this action and the action proceeding in Georgia state court are not parallel. *See* Memorandum at 13-14. In response, Defendant will likely argue that Glades' recent motion to amend its Georgia state court answer to assert its tort claims against Murphy and River's Edge warrants a continuation of the stay. Defendant, however, would be incorrect.

As a threshold matter, there is no pending state court action involving these claims because Glades has not yet been granted permission to assert any tort claims in the Georgia state court action. Glades was forced to seek leave to assert those claims in Georgia state court solely as a result of the Georgia District Court's recent dismissal of Glades' federal complaint under the "first filed" rule. Until Glades' motion for leave to amend is granted, those claims are not a part of the Georgia state court action and the *Colorado River* doctrine is as inapplicable now as it was when this Court first rejected it.

Even if Glades had actually asserted its tort claims in the Georgia state court action, a continuation of the stay still would be unwarranted. As the Court noted, "under the *Colorado River* abstention doctrine, a federal court may stay or dismiss an action in favor of a pending state action only under extraordinary circumstances." *See* Memorandum at 11. That is a much different standard than the one applied to the situation discussed above, where the Court was asked to stay one federal court action in favor of another pending federal court action.

Indeed, "it is axiomatic that federal courts have a 'virtually unflagging obligation…to exercise the jurisdiction given them' by Congress." *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) (*quoting Colorado River*, 424 U.S. at 817). Consideration of the *Colorado River* factors should be weighted heavily in favor of the exercise of jurisdiction. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

7

Even the possibility that certain issues decided by another court might have *res judicata* effect is insufficient to overcome the strongly entrenched policy in favor of federal courts retaining jurisdiction. "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a *res judicata* or collateral estoppel effect on the other action." See *Wells Fargo Home Mtge, Inc. v. Sec. Title Guar. Corp.*, 337 F. Supp. 2d 680, 682 (E.D. Pa. 2004).

1. The Actions are Not Parallel

The first and most critical requirement under *Colorado River* is that the state and federal actions under consideration must be parallel to each other. *Colorado River*, 424 U.S. at 817-20; *Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997). Two actions are parallel when substantially the same parties are litigating substantially the same issues in two different forums. *Ryan*, 115 F.3d at 196.

As an initial matter, the parties in the Georgia state case are not the same parties litigating in this action. Indeed, three of the four parties in the Georgia state action are not parties in this case. Although exact identity of the parties is not required, the fact that only one of the four parties in the Georgia state action (i.e., Glades) is a party in this action dictates that the makeup of the parties is not even similar, much less substantially similar, as required by *Ryan*.

In addition, despite the fact that Glades is now seeking leave to assert some of the same claims against Murphy and River's Edge in state court that it asserted in Georgia federal court, the issues there and here are not "substantially the same." One of Glades' most significant claims against Pharm Force – its copyright infringement claim – cannot be asserted in the Georgia state court action. The causes of action which Glades seeks leave to assert against

8

Murphy and River's Edge in Georgia state court are: (1) Breach of Fiduciary Duty/Loyalty; (2) Conversion; and (3) Unjust Enrichment. In contrast, the causes of action in this case are: (1) Copyright Infringement; (2) Aiding and Abetting Breach of Fiduciary Duty/Duty of Loyalty; (3) Conversion; (4) Unjust Enrichment; and (5) Conspiracy. Therefore, the Complaint filed in this Court contains only two causes of action also raised in Glades' motion for leave to amend in the Georgia state case.

Importantly, Glades' federal copyright infringement claim cannot be asserted against Murphy and River's Edge in the Georgia state court action because that claim is subject to exclusive federal court jurisdiction. See 28 U.S.C., § 1338.[2] The absence of this copyright claim in the Georgia state court action, by itself, establishes that the two actions are not parallel.

Thus, Defendant cannot show that there is a substantial similarity of either parties or issues. To the contrary, only one of the four parties in the Georgia state court action is present here, and Glades' copyright claim cannot be asserted in the Georgia State Court Action. In short, the actions are not parallel.

    2.    <u>Even if the Actions Were Parallel, Defendant Cannot Meet the Six *Colorado River* Factors</u>

Even when two cases are parallel, *Colorado River*, *Moses H. Cone* and the Third Circuit require that six additional factors be considered to determine whether the extraordinary step of abstention should be considered. *Moses H. Cone*, 460 U.S. at 936-37; *Colorado River*, 424 U.S. at 817; *Rycoline Products*, 109 F.3d at 890. Those six factors are: 1) which court first assumed jurisdiction over any relevant *res*; 2) the relative convenience of the federal court; 3) whether abstention would avoid piecemeal litigation; 4) the order jurisdiction was obtained; 5) whether

---

[2] This Court has already ruled that the claims presently at issue in the Georgia State Court Action are not related to the claims raised in the instant case. *See* Memorandum at 13. Thus, the only relevant inquiry is whether Glades' proposed counterclaims would be substantially similar to the claims in this action *if* Glades were permitted to assert those proposed counterclaims in Georgia state court.

9

federal or state law applies; and 6) whether the state action can protect the rights of the federal plaintiff. *Rycoline Products*, 109 F.3d at 890 (*citing Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 225 (3d Cir. 1994)). In considering these factors, the Court should not apply them mechanically, but rather pragmatically, and when they are equal, should lean in favor of retaining jurisdiction. *Moses H. Cone*, 460 U.S. at 936-37; *Wells Fargo*, 337 F. Supp. 2d at 685-86. Those factors, as applied to this case, further establish that abstention is unwarranted and the stay should be lifted.

The first factor is whether one court or the other has first obtained jurisdiction over any relevant *res* in an action. Here, there is no such property at issue, so this factor does not tip the balance away from the strong preference that federal courts retain their constitutional jurisdiction.

The second factor is the convenience of the federal forum versus the state forum. This factor militates decidedly in favor of this Court retaining jurisdiction and declining to stay the action. While the Eastern District of Pennsylvania may not be the most convenient forum for Glades, it is the most convenient forum for Pharm Force, which is located within this District. Indeed, Glades could not obtain jurisdiction over Pharm Force in Georgia even if it were appropriate to add Pharm Force to the Georgia action. Pharm Force previously argued that this factor tips in favor of abstention because a key witness, Brendan Murphy, cannot be compelled to testify at trial in the Eastern District. However, Murphy can still be subpoenaed for a deposition pursuant to Fed. R. Civ. P. 45, and his deposition testimony can be used at trial if he is unavailable and/or unwilling to appear voluntarily. *See* Fed. R. Civ. P. 32. Thus, the convenience factor weighs strongly against continuing the stay.

The third factor is the avoidance of piecemeal litigation. For this factor to weigh in favor of abstention in the Third Circuit, "there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review." Ryan, 115 F.3d at 198; Wells Fargo, 337 F. Supp. 2d at 684 (emphasis in original) (citations omitted). Such a congressional policy is not present in the context of this case.

In addition, it is clear that a stay of this action in favor of the Georgia state case will not obviate the need to separately litigate this case in the future. Because the Georgia state case does not involve substantially the same issues present in this case, including Glades' copyright infringement claim, the resolution of that action will have no effect on this case. In short, there is no possibility that continuing the stay will eliminate the need to litigate Glades' copyright and tort claims against Pharm Force. The avoidance of piecemeal litigation does not favor abstention.

The fourth factor in an abstention analysis is the order in which the courts obtained jurisdiction. Certainly the Georgia state action has been pending longer than this case. However, Pharm Force is not subject to jurisdiction in Georgia. Thus, this factor has no bearing on the abstention analysis because Glades could not have asserted a claim against Pharm Force in the Georgia state action, regardless of when it was commenced. Moreover, this factor presupposes that the two actions at issue are, in fact, identical. As discussed above, the legal and factual issues in the Georgia state case are different from the legal and factual issues in this case, and would remain different even if Glades is ultimately permitted to assert its common law counterclaims in that action.

The fifth factor in an abstention analysis is which forum's substantive law governs the merits of the litigation. This factor weighs strongly against abstention. The Georgia state action

is governed by Georgia law. In this case, however, federal law governs Glades' copyright infringement claim. 28 U.S.C. § 1338(a); *Micro Med, Inc. v. Roger Nassiff Assocs. Inc.*, No. CIV. A. 91-6921, 1993 WL 53576 (E.D. Pa. Mar. 3, 1993). In *Micro Med*, the court reconsidered a motion for abstention in a case with Lanham Act and copyright claims, and determined that abstention was not appropriate in light of the Third Circuit's restrictive view of *Colorado River*, 424 U.S. 800, and the U.S. Supreme Court's determination that the presence of federal law issues weigh heavily against abstention. *Micro Med*, 1993 WL 53576, at *1 (citing *Moses H. Cone*, 460 U.S. at 26). In addition, it appears that Pennsylvania law will govern Glades' common law tort claims against Pharm Force, whereas Georgia law is likely to govern the common law tort claims against Murphy and River's Edge.

  The sixth factor is the adequacy of the state forum to protect the parties' rights. This factor also militates strongly against abstention. The Georgia state case does not provide an adequate forum to protect the parties' rights because Glades cannot obtain any relief from Pharm Force in that action - - Pharm Force is not subject to personal jurisdiction in Georgia and is unwilling to consent to jurisdiction in that forum. Furthermore, because federal courts have exclusive jurisdiction over copyright infringement causes of action, Glades would not be able to get redress from Pharm Force on that claim in the Georgia state case, even if it could obtain jurisdiction over Pharm Force there.

  In sum, even if the Court considers this action and the Georgia state litigation to be parallel (which they are not), the factors federal courts must examine to determine whether to take the extraordinary step of dismissing or postponing a pending litigation in favor of the state litigation overwhelmingly weigh against abstention.

CONCLUSION

WHEREFORE, in light of the foregoing, and primarily because the Georgia federal action has been resolved, Glades respectfully requests that the Court lift the stay it imposed on March 9, 2005 and permit the parties to proceed with discovery.

Respectfully submitted,

_____
THOMAS E. BUTLER, JR., ESQUIRE
Pa. Attorney I.D. No. 12022
Attorney for Plaintiff, Glades Pharmaceuticals, LLC

OF COUNSEL:

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP
13th Floor
2000 Market Street
Philadelphia, PA 19103
215-972-7928
FAX: 215-564-7699
e-mail: tbutler@wglaw.com


_____
ROBERT D. GOLDSTEIN, ESQUIRE
*Pro Hac Vice*
Attorney for Plaintiff
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
212-351-4634
FAX: 212-661-0989
e-mail: rgoldstein@ebglaw.com